**ZHAOHUA JIA, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States**

Attorney General,\* Respondent.

No. 08–5532–ag.

United States Court of Appeals,
Second Circuit.

July 15, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Mark C. Walters, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: ROGER J. MINER, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner seeks review of the October 27, 2008 order of the BIA denying his motion to reopen. *In re Zhaohua Jia,* No. A099 683 370 (B.I.A. Oct. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A movant's failure to establish his *prima facie* eligibility for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA did not abuse its discretion in denying Petitioner's motion to reopen because it reasonably determined that the record did not demonstrate that he was *prima facie* eligible for asylum. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005) (to establish *prima facie* eligibility for asylum, a petitioner must establish "a realistic chance" that he will be able to establish eligibility). As the agency found, Petitioner failed to demonstrate an objectively reasonable fear that he would be persecuted in China on account of his reli-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

gion. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir.2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"). The letter from Petitioner's wife, a member of an underground church, does not state that she has been harmed or that Chinese authorities are aware of Petitioner's Christian activities in the United States or are likely to become aware of his activities.

Furthermore, despite Petitioner's argument that the BIA abused its discretion by failing to consider the evidence in the record, it was not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotations and citations omitted). Under these circumstances, the BIA did not abuse its discretion in denying Petitioner's motion to reopen for failure to establish *prima facie* eligibility for relief. *See Poradisova,* 420 F.3d at 78.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).